IN THE

# DISTRICT COURT

FOR THE

## CITY AND COUNTY OF PHILADELPHIA.

1841.

## GIRARD BANK v. PHILADELPHIA AND NORRISTOWN RAIL ROAD COMPANY.

January 2, 1841.

*Exceptions to Auditor's Report.*

Three writs of *fieri facias*, in which there were different plaintiffs against the same defendants, were delivered at different dates to the sheriff, who levied, at the respective dates of their delivery, on personal property as the property of the defendants. A third person claiming the property, the sheriff required indemnity of the plaintiffs. The *third* execution creditor alone indemnified the sheriff, who sold the property, specially returned the facts to all the writs, and paid the money into court. *Held:*

That the plaintiffs in the two executions prior to that on which the indemnity was given to the sheriff, were entitled to the proceeds of sale.

IN this matter there was a fund in court arising from the sale of personal property by the sheriff, alleged to have belonged to the defendants, under several writs of *fieri facias*, under the following circumstances. There were three judgments in favour of several plaintiffs against the defendants on which writs of *fieri facias* issued, and which were delivered to, and levies made thereon, by the sheriff in

[Girard Bank v. Philadelphia and Norristown Rail Road Company.]

the following order in point of time: 1st, in which A. & Co. were plaintiffs; 2d, in which B. & P. were plaintiffs; and, 3d, in which the Girard Bank were plaintiffs. After the levies were made, a *third person* notified the sheriff that the property levied on was not the property of the defendants, but was his property, and offered to exhibit the evidence of his title to the same. The sheriff thereupon required the several plaintiffs to indemnify him for proceeding to sell the property. The *first two* execution creditors declined giving the indemnity; the *third*, the Girard Bank, gave such indemnity to the sheriff as he was satisfied with, and the sheriff sold under all the writs, and paid the money into court. He returned to the court specially the facts above set forth, and which were not denied or disputed by the parties litigant. The court referred the matter to an auditor to report distribution of the fund, who reported that the first two execution creditors were entitled to be paid, notwithstanding they had *not* indemnified the sheriff, and the third, the Girard Bank, *had.* The latter filed exceptions to the report, in the hearing of which

*Jack* and *Miles* appeared for the exceptions.
*F. A. Raybold* and *C. Gilpin*, contra.

The counsel cited 11 *Johns. R.* 110; 2 *Johns. R.* 422; 13 *Johns. R.* 255; 16 *S. & R.* 71; 15 *Johns. R.* 147; 8 *Johns. R.* 185; 6 *Bacon's Ab.* 176; 1 *Ld. Ray.* 252; 4 *Bibb* 32, 332; 5 *Mass.* 402; 3 *Penn. R.* 487; 3 *Salk.* 319; 1 *T. R.* 729; 2 *Dow.* 454.

PER CURIAM.—The sheriff sold under all the writs, and the broad question is presented whether the execution creditor who gave the indemnity, by reason of so doing, has any preference over the others who gave no such indemnity. If the sheriff had sold specially under the writ of the Girard Bank, and had refused to execute the other writs on the ground that the plaintiffs named in them had refused to indemnify him, or for any other reason, and had so returned them, the Bank would have been entitled to the money. But even then, the sheriff would have been liable to the plaintiffs who did not indemnify, if it turned out that the property was in law liable to their executions, as the property of the defendants. The sheriff might have required, under our practice, a suspension of their writs, until he was indemnified by them. But he has proceeded on all of them. No effort had been made

[Girard Bank v. Philadelphia and Norristown Rail Road Company.]

to show that the property did not belong to the defendants; and if it had, it would have been immaterial, for we do not inquire into the title to the property on a question of distribution in such a case. It is impossible to see how the giving of the indemnity, gives to a plaintiff any better right to the proceeds, as against prior liens, than if none had been given. If the chattels are sold as the property of the defendants, the prior lien takes the fund, unless it has been waived in law or in fact, which was not the case here.

Exceptions dismissed.